IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **SERISA A. BROWN,** | |
| Plaintiff, | |
| vs, | **CIVIL ACTION NO:** |
| **UNIVERSITY OF ALABAMA BOARD OF TRUSTEES** | **JURY DEMANDED** |
| Defendant. | |

## COMPLAINT

## INTRODUCTION

Plaintiff, Serisa Brown ("Plaintiff" or "Brown"), brings this action for legal and equitable relief to address unlawful employment practices and violations of Federal law by Defendant, The University of Alabama Board of Trustees.

## JURISDICTION AND VENUE

1. Plaintiff seeks legal and equitable relief to redress violations by the Defendant of the Plaintiff's rights secured by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.*, as amended.

2. Federal subject matter jurisdiction exists pursuant to:

1

    a.    28 U.S.C. §§ 1331 (federal question), 1337 (commerce clause), 1343 (civil rights), 1367 (pendent jurisdiction); and,

    b.    29 U.S.C. § 794 (Rehabilitation Act).

3.    The Defendant to this action's primary place of business is within the jurisdiction of this Court. The Plaintiff to this action resides in and regularly does business within the jurisdiction of this Court. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

4.    On or about December 16, 2018, Brown filed timely charges of disability discrimination with the Birmingham District Office of the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Brown right-to-sue letters on May 15, 2019 for charge number 420-2019-00163, copies of which are attached hereto as Exhibit A.

## PARTIES

5.    Plaintiff Serisa Brown (hereinafter "Plaintiff" or "Brown") is a resident of Tuscaloosa County, Alabama, and is over the age of nineteen (19) years.

6.    Plaintiff was employed by the University of Alabama Board of Trustees at its campus in Tuscaloosa, Alabama as Part-Time Custodian in Bryant Conference Center from April 24, 2017 to October 26, 2018.

7.    Defendant University of Alabama Board of Trustees (hereinafter "Defendant" or "Board") was the Plaintiff's employer during all times relevant to

this lawsuit. Defendant employs at least 50 persons within the meaning of the Rehabilitation Act of 1973.

8. Defendant is an enterprise engaged in commerce or in the production of goods for commerce in that it operates an institution of higher education an engages in an activity of a public agency.

9. At all times relevant to this action, Defendant received federal financial assistance within the meaning of the Rehabilitation Act of 1973.

## STATEMENT OF FACTS

10. Plaintiff is an individual with a disability. She has interstitial cystitis and a bulging disc.

11. As a result of her disability, Plaintiff must take frequent restroom breaks and is restricted from lifting more than thirty (30) pounds.

12. Plaintiff receives Social Security Disability Insurance ("SSDI").

13. As a condition of receiving SSDI, she may only work twenty (20) hours each week.

14. On or about April, 2017, Plaintiff applied for a Part-Time Custodian Position at the Bryant Conference Center which is located on the Tuscaloosa Campus of The University of Alabama.

15. At the time Plaintiff applied for the position, she disclosed her condition to Scott Johnson ("Johnson"), Facilities Manager and Direct Supervisor.

16. Johnson is an employee, agent or under the direct control of the Board.

17. Johnson told her that the available position would be to assist Mymsye Comer ("Comer") in the kitchen and general set-up and tear-down and that there was no lifting required for the position. Further, Johnson instructed her that if there were any heavy items to lift, she should ask for assistance from one of her male colleagues.

18. Plaintiff was hired by the Board on April 24, 2017 for the position of Part-Time Custodian.

19. Plaintiff's general job duties were light kitchen prep, set-up and tear-down of drink stations, folding linens, setting up chairs and cleaning restrooms.

20. Heavy items were pushed on carts and therefore did not have to be lifted.

21. Plaintiff was instructed to complete kitchen and cleaning tasks.

22. Male members of the team were instructed to lift heavier items such as tables.

23. At no time did Plaintiff ask for an accommodation in her lifting duties because all the items to be lifted were within her capacity for lifting.

24. Plaintiff was given favorable job performance reviews.

25. On or about February, 2018, Plaintiff was asked to provide a doctor's letter describing her disability.

26. On February 15, 2018, Plaintiff provided a letter from Dr. Jennifer Burdette of Taylorville Family Medicine documenting her need for frequent bathroom breaks and inability to lift over thirty (30) pounds.

27. On or about July, 2018, Plaintiff was again asked to provide a doctor's letter describing her disability. She was asked if the doctor's letter could indicate whether the disability was permanent.

28. On August 2, 2018, Plaintiff provided a letter from Dr. Kimberly Carver of Taylorville Family Medicine documenting her need for frequent bathroom breaks and inability to lift over thirty (30) pounds. This letter documents that her lifting disability will continue for her lifetime.

29. On August 15, 2018, Plaintiff submitted an Employee Accommodation Request Form at Johnson's request.

30. Plaintiff's physician again indicated that Plaintiff needed frequent restroom breaks and could not lift over 30 pounds.

31. On or about September 20, 2018, Emily Marbutt ("Marbutt"), ADA Coordinator for the Defendant had a telephone conference with the Plaintiff to discuss the need for the accommodation.

32. Marbutt is an employee, agent or under the direct control of the Board.

33. Marbutt asked Plaintiff how Johnson and Board could accommodate Plaintiff's lifting restriction. Because Plaintiff had not been asked to lift objects

beyond her lifting capacity in the entire time she worked for the Defendant, she did not request any further accommodation other than "not to lift over 30 pounds."

34. Marbutt told Plaintiff during the telephone conference that lifting 100 pounds was an essential duty of the job and asked the Plaintiff what accommodations could be made. Plaintiff again responded that she cannot lift 100 pounds.

35. Plaintiff understood from this phone conference that Defendant was willing to accommodate an inability to lift 100 pounds despite it being an essential duty, but Plaintiff only responded that she could "not lift over 30 pounds."

36. On or about September 21, 2018, Marbutt notified the Plaintiff via letter that they would be unable to accommodate her inability to lift over 30 pounds.

37. After this letter, Plaintiff was permanently removed from the schedule and not allowed to return to work.

38. On or about October 12, 2018, Plaintiff notified the Defendant of her resignation.

39. Plaintiff would not have resigned had she not been removed from the schedule.

## FIRST CAUSE OF ACTION

## SECTION 504 OF THE REHABILITATION ACT

40. Plaintiff realleges and incorporates paragraphs 1-39 as if fully set forth herein.

41. Plaintiff is a qualified individual with disabilities.

42. Defendant was aware that Plaintiff was a person with a disability.

43. "Lifting 100 pounds" was not a *bona fide* essential duty of the position for which Plaintiff was hired.

44. Plaintiff's disability could be reasonably accommodated.

45. Defendant failed to reasonably accommodate Plaintiff's disability.

46. Defendants unlawfully and intentionally terminated Plaintiff's employment based on Plaintiff's exercise of her lawfully protected rights under Section 504.

47. Defendant is a recipient of federal financial assistance.

48. As a proximate result of Defendant's unlawful actions, Plaintiff has suffered financial loss, loss of career advancement, and emotional distress.

49. Plaintiff seeks all equitable and/or prospective relief available at law from Defendant BOARD, including, but not limited to specific performance, reinstatement, injunctive relief, surcharge, or such other and further relief the Court may award.

50. Plaintiff seeks all relief available at law from Defendant, including, but not limited to, lost wages and benefits, loss of retirement, loss of future earnings, compensatory damages, emotional distress damages, costs, interest, and attorneys' fees.

**WHEREFORE,** Plaintiff respectfully requests this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging further in tis discriminatory treatment on the basis of disability.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal provisions and employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices, including implementing a police against disability discrimination in the workplace and against retaliation for engaging in protected activities;

C. Order Defendant to make Plaintiff whole by awarding all declaratory, injunctive, and/or legal relief available at law;

D. Award Plaintiff costs, expenses, and reasonable attorneys' fees, and,

F. Award such other and further relief which the Court deems necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,

*/s/ Kate Furek*
KATE FUREK ASB-7878-X69R
Attorney for Plaintiff Serisa A. Brown

**OF COUNSEL:**

**Kate Furek Law, LLC**
1924 7th Street
Tuscaloosa, AL 35401
Phone: (205) 293-5293
Email: kate.bhlg@gmail.com

## PLEASE SERVE THE FOLLOWING DEFENDANT BY CERTIFIED MAIL:

The University of Alabama
c/o Office of President
Dr. Stuart R. Bell
Box 870100
Tuscaloosa, AL 35487

**PLAINTIFF'S ADDRESS:**
Ms. Serisa A. Brown
c/o Kate Furek
Kate Furek Law, LLC
1924 7th Street
Tuscaloosa, AL 35401